IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

United States of America

       v.                        Docket No. 4:20-CR-18

Alan Jax Wagoner

### Defendant's Motion for the Production of Potential *Jencks* Material for *In Camera* Review

At a hearing on December 20, the government claimed that the defense possessed "legal naiveté"[1] for asking for the government's notes that contain substantially verbatim accounts of Deputy Griffith's disclosures about his memory issues and his demotion. According to the government, attorney notes can never be *Jencks* material, and the government claimed that "a hundred" cases support its position. The government has yet to provide a single case—because the government is wrong.

At least in the Fourth Circuit, the law is clear that notes of attorneys or government agents can be *Jencks* material. *See United States v. Smith*, 31 F.3d 1294, 1301 (4th Cir. 1994). "Notes taken by prosecutors and other government agents during a pretrial interview of a witness may qualify as a statement of the witness under § 3500(e)(1) . . . ." *See id.* The Court makes clear that these statements need not be adopted or approved by the witness, but that the statements can be *Jencks* material if they are "substantially verbatim." *See id.* at n. 7.

---

[1] Counsel for the United States characterized the defense's contentions as "laughable," "nonsense," and "naïve." But substance matters, Congressional enactments matter, and controlling cases matter. At some point the Court should draw an adverse inference against the government for engaging in repeated unprofessional *ad hominem* attacks against defense counsel.

The government claims that it has abided by its *Jencks* obligations, even though it clearly does not know what its obligations are (under *Brady*, as evidenced by the government's assertion that it need not disclose when officer witnesses are demoted and its failure to do so in this case; or *Jencks*, because it claims that attorney notes cannot be *Jencks* material).[2] Nonetheless, "[i]t is well-established, however, that a court may not deny a defendant's request for production under the *Jencks* Act based solely on the government's unsubstantiated assertions that it has not withheld any *Jencks* Act material. *See id.* at 1302. At least in this Circuit, the "court's inquiry may, and normally should, begin with *in camera* inspection of the materials in question, unless it is clear that they cannot be *Jencks* Act material." *See id.*

Here, the government took notes while interviewing Deputy Griffith—according to their own representations in a pleading filed in this court. The government's notes contain at least some substantially verbatim comments because Deputy Griffith claims to have told the government he was demoted, and the government's notes contain that word. And what Deputy Griffith said is material to a motion currently pending before this court. Because the government's notes may contain *Jencks* Act material, the defense requests the Court order the government to produce its notes from its interview with Deputy Griffith for *in camera* review, for the court to release any *Jencks* Act material, and to preserve the notes in the record under seal in the event of an appeal should the Court not release the entirety of the government's notes.

---

[2] Counsel leaves for another day the troublesome nature of the government's Managing Assistant United States Attorney not knowing what the government's disclosure obligations are under *Brady* and *Jencks*. One wonders how many cases have included withheld *Jencks* or *Brady* material simply because Mr. Miller was consulted or involved in the case. *See* USAM § 9-5.002 ("The Department's disclosure obligations are generally set forth in Fed.R.Crim.P. 16 and 26.2, 18 U.S.C. §3500 (the Jencks Act), *Brady*, and *Giglio* (collectively referred to herein as "discovery obligations"). **Prosecutors must familiarize themselves with each of these provisions and controlling case law that interprets these provisions**.") (emphasis added).

Respectfully submitted, By: /s/ Benjamin M. Schiffelbein

    Benjamin M. Schiffelbein, Esquire
    Asst. Federal Public Defender
    NH Bar No. 267593
    210 First Street SW, Room 400
    Roanoke, Virginia 24011
    Ph. (540) 777-0880
    Fax (540) 777-0890
    Benjamin_Schiffelbein@fd.org

    Randy Verlin Cargill, Esquire
    Asst. Federal Public Defender
    Virginia Bar No. 23811
    Counsel for Mr. Wagoner