CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 05 2022
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 4:20-cr-00018 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| ALAN JAX WAGONER | ) | United States District Judge |

**ORDER DENYING RECONSIDERATION OF ORDER REFERRING DEFENDANT'S MOTION FOR REVIEW OF ORDER OF DETENTION**

Defendant, Alan Jax Wagoner, filed a motion asking that the district court review the magistrate judge's order of detention pursuant to 18 U.S.C. § 3145(b). (Dkt. No. 171.) The court, by order entered December 22, 2021, construed the motion for review as being properly brought pursuant to 18 U.S.C. § 3142(f), because it relied upon new evidence, and referred the motion to the U.S. Magistrate Judge for a hearing. (Dkt. No. 173). Wagoner now files a pleading entitled "Defendant's Objection to Court Sua Sponte Amending Mr. Wagoner's Request for Review under 18 USC 3145(b) to a Request to Re-open Detention Hearing Under 18 USC 3142(f)" (Dkt. No. 175), which objection appears to be a motion to reconsider (requested as relief in the objection) and a brief in support of the earlier motion for review, and the court will so construe the objection. For the reasons stated below, the court denies the motion to reconsider.

First, while the Federal Rules of Criminal Procedure do not provide for motions to reconsider, courts routinely consider such motions. *See, e.g.*, *United States v. Moore*, 636 F. App'x 882 (4th Cir. 2016); *United States v. Green*, No. 5:00-CR-00034-RLV, 2012 WL 12895651, at *1 (W.D.N.C. Dec. 14, 2012) (citing *United States v. Dieter*, 429 U.S. 6, 8 n.3 (1976)). Notably, "[w]here the motion [to reconsider] is nothing more than a request that the district court change its mind, however, it is not authorized...." *United States v. Green*, No. 5:00-

CR-00034-RLV, 2012 WL 12895651, at *1 (W.D.N.C. Dec. 14, 2012) (quoting *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

In the objection, Wagoner asserts, without citing to any law in support, that the court is without authority to construe the motion for review as being a request pursuant to 18 U.S.C. 3142(f) if the motion seeks review pursuant to 18 USC 3145(b). Of course, courts routinely construe motions based upon the content of the motion and the relief requested therein. *See, e.g., United States v. Conway*, No. JKB-20-269, 2021 WL 82957, at *2 (D. Md. Jan. 11, 2021); *United States v. Covington*, No. 2:14-CR-00006, 2014 WL 504880, at *3 (S.D.W. Va. Feb. 7, 2014). Indeed, that is exactly what this court has done with Wagoner's objection.

Wagoner's original motion for review (Dkt. No. 171) noted absolutely no error in the order of detention entered by the magistrate judge (Dkt. No. 57). Like a review on appeal, there is no need for a court to review a decision when a party asserts no error—even if the standard of review is de novo. Rather, the original motion stated, and the part of the objection that is construed as a brief in support of the original motion states, that Wagoner now has new information that was provided by the United States during discovery that refutes some of the previous evidence. That is precisely the situation contemplated by 3142(f) as grounds to reopen a hearing. Wagoner then argues, without any authority, that the district court must first determine on review whether the new information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community," as required by 3142(f). Section 3142(f) requires that finding to be made by the judicial officer who considers the reopening of the hearing—in this case, the magistrate judge who presided over the detention hearing and to

whom this court referred the matter.  If the magistrate judge finds that those conditions are not met and Wagoner disagrees, Wagoner is welcome to seek review then.

Wagoner is merely asking this court to change its mind, and this court declines to do so. The objection (Dkt. No. 175), construed as a motion to reconsider, is DENIED.

Entered: January 5, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge