CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 05 2022

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 4:20-cr-00018 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| ALAN JAX WAGONER ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On September 9, 2022, a jury found defendant Alan Jax Wagoner guilty of possessing a firearm after being convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1). He is scheduled to be sentenced on December 12, 2022.

Wagoner now moves for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, arguing that his conviction under § 922(g)(1) violates his Second Amendment rights following the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). (Dkt. No. 238.) After briefing, the court finds that a hearing is not necessary to resolve Wagoner's motion. Because the only argument in Wagoner's motion is both waived at this stage and without merit, the motion will be denied.

I.  BACKGROUND

On June 4, 2020, a grand jury returned a two-count indictment charging Wagoner with knowingly possessing one or more firearms after being convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1) (Count One),[1] and with knowingly receiving and possessing a firearm not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 (Count Two). (Dkt. No. 1.) A second superseding indictment, returned on June 17, 2021, reiterated those counts and included Count Three, which charged Wagoner with another violation of § 922(g)(1) for knowingly possessing

---

[1] The indictment specifically named 10 different firearms Wagoner was alleged to have possessed.

ammunition transported in interstate or foreign commerce after being convicted of a felony offense.  (Dkt. No. 62.)  On October 18, 2021, Wagoner moved to dismiss Counts One and Two of the second superseding indictment, arguing that they were based on unconstitutionally vague statutes.  (Dkt. No. 135.)  This court denied that motion without prejudice on April 19, 2022.  (Dkt. No. 190.)

On June 23, 2022, the United States Supreme Court issued its opinion in *Bruen*, which held that New York's "may-issue" licensing regime for carrying handguns for self-defense violated the Second Amendment.  *See* 142 S. Ct. at 2122.  In *Bruen*, the Court stated that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129–30.  Only after the government makes that showing "may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* at 2130 (internal quotation marks omitted).  In elucidating this test, the Court supplanted the two-step "means-end" framework for analyzing Second Amendment challenges that lower courts had "coalesced around" in the years since its decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010).[2]  *Bruen*, 142 S. Ct. at 2125–26.  The *Heller* Court emphasized that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," 554 U.S. at 626, which are "presumptively lawful regulatory measures," *id.* at 627 n.26.  The *Bruen* Court similarly limited the availability of Second Amendment rights to "law-abiding" citizens.  142 S. Ct. at 2122.

---

[2] The Fourth Circuit had adopted such a two-part means-end test shortly after *McDonald* was decided.  *See United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010).

In the two months between publication of the Court's *Bruen* decision and the deadline for pretrial motions in this case as ordered by this court (*see* Dkt. No. 30), Wagoner did not raise any *Bruen*-related motions challenging prosecution under the second superseding indictment or the substantive constitutionality of any of the relevant statutes. On September 9, 2022, following a four-day trial, a jury convicted Wagoner only on Count One, and only as to his knowing possession of one firearm—a Ruger, model 10/22, .22 caliber rifle. (Dkt. No. 235.)

Two weeks after the conclusion of trial, Wagoner moved for judgment of acquittal under Federal Rule of Criminal Procedure 29—arguing, for the first time, that his conviction under § 922(g)(1) violated his Second Amendment rights in light of *Bruen*. (Dkt. No. 238). The government opposed Wagoner's motion. (Dkt. No. 249.)

## II.  DISCUSSION

### A. Standard of Review

Rule 29 of the Federal Rules of Criminal Procedure states that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A defendant may move for a judgment of acquittal . . . within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." *Id.* R. 29(c)(1). "If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." *Id.* R. 29(c)(2).

"A judgment of acquittal based on the insufficiency of evidence is a ruling by the court that as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment." *United States v. Alvarez*, 351 F.3d 126, 129 (4th Cir. 2003) (quoting *Smalis v. Pennsylvania*, 476 U.S. 140, 144 (1986)). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which,

taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). "[I]n the context of a criminal action, substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). Accordingly, a court must deny a defendant's Rule 29 motion and accept the jury's verdict if, "after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt." *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Rule 12 mandates that a defendant seeking to challenge "a defect in the indictment or information," such as the indictment's "failure to state an offense," must raise that defense in a pretrial motion if "the basis for the motion is then reasonably available" and "the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). Because an indictment is defective if it alleges a violation of an unconstitutional statute, *see United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)), it follows that challenges to the facial unconstitutionality[3] of the statute underlying an offense charged in the indictment must generally be raised prior to trial. This requirement serves several purposes, including sparing the court, the witnesses, and the parties "the burden and expense of a trial," *see Davis v. United States*, 411 U.S. 233, 241 (1973) (discussing 1944 version of Rule 12), and "[e]nsuring that indictments are not routinely challenged (and dismissed) after the jury has been seated and sworn, a result that would . . . force courts frequently to confront complex

---

[3] A facial challenge asserts that a statute is unconstitutional in all situations, whereas an "as-applied" challenge attacks the statute's application only as to the party before the court. *See, e.g.*, *United States v. Sherman*, 797 F. Supp. 2d 709, 710–11 (W.D. Va. 2011).

Double Jeopardy questions," *United States v. Spero*, 331 F.3d 57, 62 (2d Cir. 2003) (discussing 2002 version of Rule 12) (internal quotation marks omitted).  As the Supreme Court has observed, "[i]f defendants were allowed to flout [Rule 12's] time limitations . . . there would be little incentive to comply with its terms when a successful attack might simply result in a new indictment prior to trial." *Davis*, 411 U.S. at 241.  "Strong tactical considerations would militate in favor of delaying the raising of the claim in hopes of an acquittal, with the thought that if those hopes did not materialize, the claim could be used to upset an otherwise valid conviction at a time when reprosecution might well be difficult." *Id.*

If a motion asserting the facial unconstitutionality of the underlying statute is not made before trial (or before such pretrial deadline as the court may set for such motions), it is "untimely," and the district court may not consider it unless the defendant shows "good cause" for his failure to make it prior to the deadline.  Fed. R. Crim. P. 12(c)(3).  Absent a showing of good cause, the untimely motion is "waived."  *See United States v. Ojedokun*, 16 F.4th 1091, 1113 (4th Cir. 2021) (motion to suppress).

However, Rule 12's time limitations apply only to asserting defenses for which "the basis . . . is then reasonably available" and "can be determined without a trial on the merits."  Fed. R. Crim. P. 12(b)(3).  When a defendant seeks to make an "as-applied" challenge to the constitutionality of a statute that necessarily "depend[s] on a consideration of facts" that "may or may not be developed at trial," that motion *must* be addressed after trial, because it would be "premature" to address factual issues typically reserved for the jury.  *See United States v. Hill*, 700 F. App'x 235, 237 (4th Cir. 2017).  This arises often in the context of Congress's Commerce Clause power—when, for example, a defendant alleges that his conduct had no nexus with interstate commerce and thus that his conviction under a federal statute requiring such nexus would be unconstitutional.  *See, e.g.*, *United States v. Morales-de Jesus*, 372 F.3d 6 (1st Cir.

2004) (entertaining "as-applied" challenge to 18 U.S.C. § 2251 following jury trial where defendant argued his actions did not implicate interstate commerce).

### B. Wagoner's Argument on the Unconstitutionality of § 922(g)(1), Even as Applied to Him, is Untimely and Thereby Waived.

A Rule 29 motion tests the sufficiency of the evidence to establish factual guilt on the charges in the indictment. *Alvarez*, 351 F.3d at 129. But Wagoner does not challenge the sufficiency of the evidence presented at trial to establish his factual guilt under Count One of the second superseding indictment. Rather, his only argument in support of acquittal under Rule 29 is that a conviction under § 922(g)(1) violates his Second Amendment rights. Absent any argument on the facts adduced at trial, it cannot be said that "the evidence is insufficient to sustain a conviction" on the offense charged in Count One. *See* Fed. R. Crim. P. 29(a).

As the government underscores, the nature of Wagoner's motion—seeking a ruling that § 922(g)(1) is unconstitutional—is more akin to a motion to dismiss under Rule 12 than a motion for judgment of acquittal under Rule 29. Regardless of whether a challenge to the constitutionality of the underlying statute is stylized as a Rule 29 motion for judgment of acquittal or a Rule 12 motion to dismiss, "the standard applied by the [c]ourt is determined not by the title of the motion but rather the argument within it." *See United States v. Johnson*, Nos. 2:13-cr-00091-7 & -4, 2017 WL 2531582, at *33 (S.D.W. Va. June 9, 2017) (citing *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015)). Had Wagoner's motion actually disputed the sufficiency of the evidence to support his conviction, it would have been timely as a motion for judgment of acquittal filed within 14 days of the jury verdict. *See* Fed. R. Crim. P. 29(c)(1). But to the extent Wagoner's motion alleges that § 922(g)(1) is unconstitutional (either facially or as applied to him), it necessarily alleges a defect in the indictment and thus must comply with the timing requirements of Rule 12. *See United States v. Gilmore*, No. 3:17-cr-00134-FDW-DSC, 2018 WL 2905766, at *3 (W.D.N.C. June 11, 2018) ("Since Defendant [] first raised these issues

in her first Rule 29 motion . . . rather than in a pretrial motion, the Court deems this motion to dismiss the Indictment untimely."), *aff'd on other grounds sub nom. United States v. Gutierrez*, 963 F.3d 320 (2020).

Wagoner failed to comply with Rule 12(b)(3)(B)(v)'s requirement that any alleged defect in the indictment be raised by motion prior to trial.[4] The basis for such a motion was reasonably available to Wagoner prior to trial, and it could have been resolved without a trial on the merits. *Bruen* was decided on June 25, the pretrial conference (by which all pretrial motions were required to be filed) occurred on August 23, and Wagoner has not suggested that any facts developed at trial had a material impact on the scope of his challenge to the constitutionality of § 922(g)(1). In other words, Wagoner's argument is not a factually dependent "as-applied" challenge to the statute that would be exempt from Rule 12's timing mandate because "[n]o reason has been suggested why [he] or his attorney could not have ascertained all of the facts necessary to present the [challenge] to the court prior to trial." *See Davis*, 411 U.S. at 243. Moreover, Wagoner made no attempt in his motion to demonstrate good cause for first raising this issue two weeks after trial, despite having over two months between the *Bruen* decision and the pretrial conference to do so.[5]

---

[4] Wagoner did move to dismiss Counts One and Two of the indictment before trial (Dkt. No. 135), but he did so only on vagueness grounds and did not raise the issue of § 922(g)(1)'s facial constitutionality under the Second Amendment, thereby forfeiting that argument. As the Fourth Circuit has acknowledged, in the context of, for example, a motion to suppress, "[w]hen a defendant does file a motion to suppress before trial . . . and *simply raises distinct suppression arguments later* . . . those arguments only [are] forfeited." *Ojedokun*, 16 F.4th at 1113 (emphasis added) (citations omitted).

[5] Notably, during that period, several district courts around the country had entertained and rejected *Bruen*-based challenges to § 922(g)(1) on the ground that the Second Amendment's protections historically extended only to law-abiding citizens and not to convicted felons. *See, e.g., United States v. Maurice*, No. 7:22-cr-48 (S.D.N.Y. Jul. 14, 2022); *United States v. Ramos*, No. 2:21-cr-395, Dkt. No. 31 (C.D. Cal. Aug. 5, 2022); *United States v. Adams*, No. 1:20-cr-628 (S.D.N.Y. Aug. 10, 2022); *United States v. Farris*, No. 1:22-cr-149, Dkt. No. 29 (D. Colo. Aug. 12, 2022); *United States v. Nevens*, No. 2:19-cr-774, Dkt. No. 121 (C.D. Cal. Aug. 15, 2022). This court has since applied *Bruen* and rejected challenges to 18 U.S.C. §§ 922(g)(9) and 924(c)(9). *See United States v. Anderson*, No. 2:21-cr-00013 (W.D. Va. Oct. 17, 2022) (Jones, J.) (possession of firearms after being convicted of a misdemeanor crime of domestic violence); *United States v. Snead*, No. 1:22-cr-033 (W.D. Va. Oct. 28, 2022) (Urbanski, J.) (possessing a firearm in furtherance of a drug trafficking crime).

Because the motion raises a constitutional argument that is not cognizable under Rule 29, is waived under Rule 12(b)(3), and lacks good cause to be considered now, it must be denied.

## C. Even if Timely, Wagoner's Motion is Without Merit.

Even if Wagoner's argument could somehow be entertained in a Rule 29 motion for judgment of acquittal, the motion must still be denied. As the Fourth Circuit held before *Bruen*,[6] and as every other district court to consider the issue has held since *Bruen*, § 922(g)(1) does not violate the Second Amendment, either facially or as applied to Wagoner's conviction.

Wagoner's motion does not state whether he brings a facial or as-applied challenge to the constitutionality of § 922(g)(1),[7] but his argument would fail on both fronts. For one, it is unclear, after *Bruen*, what would constitute an "as-applied" challenge to a gun regulation under the Second Amendment. In the wake of *Heller* and *McDonald*, the Courts of Appeals (including the Fourth Circuit) had adopted a two-step means-end test for assessing Second Amendment challenges to gun laws.[8] *See, e.g.*, *Chester*, 628 F.3d at 680. But *Bruen* clarified that "the Court of Appeals' second step is inconsistent with *Heller*'s historical approach and its rejection of means-end scrutiny," and that courts should consider only the Second Amendment's text and "the Nation's historical tradition of firearm regulation" at the exclusion of all else. 142 S. Ct. at 2129–30. Going forward, then, it appears that the constitutionality of a firearm regulation should rise and fall only on whether the challenged law is facially consistent with the Nation's historical

---

[6] *See United States v. Moore*, 666 F.3d 313 (4th Cir. 2012).

[7] Wagoner's motion does include substantial information about the specific circumstances of his gun ownership, indicating that he is asking the court to consider, at least to some degree, the individual characteristics of his case in evaluating his Second Amendment challenge. (*See* Dkt. No. 238, at 1–2 ("For the majority of [his] life, he was a law-abiding citizen and a skilled gunsmith. . . . After three days of evidence, the government has not adduced that [he] ever used or discharged a firearm. Instead, he was merely convicted of possessing a burnt firearm that he originally purchased nearly thirty years ago.").)

[8] Under that approach, the "first question" was whether the relevant statute "burdens or regulates conduct that comes within the scope of the Second Amendment." *Chester*, 628 F.3d at 680. Courts would then ask "whether the government can justify, under the appropriate level of scrutiny, the burden imposed on [the defendant's] Second Amendment rights" by the relevant statute. *Id.* at 682.

tradition of firearm regulation—without regard to the circumstances of, or burdens placed upon, any particular defendant.

Before *Bruen*, the Fourth Circuit had already refused to consider the unique characteristics of the defendant as part of constitutional challenges to § 922(g)(1).[9] Only in dicta has the Fourth Circuit ever suggested that such an "as-applied" challenge could "theoretically be made." *See Moore*, 666 F.3d at 320. Even assuming that remains true today (which *Bruen* put in doubt), Wagoner has not demonstrated that his circumstances "remove his challenge from the realm of ordinary challenges." *Id.* at 320. His only arguments are that "the government has not adduced that [he] ever used or discharged a firearm," that "[t]he statute that he was convicted of violating was created in the 20th century—far away in time from this country's founding," and that "[t]his statute, and its application to [him] are inconsistent with the Nation's historic tradition of firearms regulation." (Dkt. No. 238, at 2.) Those assertions either would be true in many, if not most, prosecutions under § 922(g)(1), or are "far too vague and unsubstantiated to remove his case from the typical felon in possession case." *Id*.

Wagoner's facial challenge to § 922(g)(1) must also be rejected. The *Bruen* Court expressly stated that its overarching holding was "consistent with *Heller* and *McDonald*," *see* 142 S. Ct. at 2122, and *Heller* emphasized in dicta that "nothing in [the court's] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." 554 U.S. at 626; *see also Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring).[10] "*Bruen* clarified and 'reiterated[,]' rather than modified, the constitutional ruling in *Heller*, in the face of

---

[9] In the court's words, such an individualized approach would be "fundamentally flawed" because "it effectively would create an exception to the statute that does not exist," given that "[t]he statute imposes a flat prohibition, with no reference to individual circumstances occurring after the disqualifying conviction," no "sunset clause," and no "good behavior exception." *See Harley v. Wilkinson*, 988 F.3d 766, 770 (4th Cir. 2021) (discussing § 922(g)(9)), *abrogated by Bruen*, 142 S. Ct. at 2126–27 n.4.

[10] Although this court is "not bound by dicta or separate opinions of the Supreme Court[,]" *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 406 (4th Cir. 2005), it should "give great weight to Supreme Court dicta." *NLRB v. Bluefield Hosp. Co.*, LLC, 821 F.3d 534, 541 n.6 (4th Cir. 2016).

lower court rulings that failed to comport with its intended holding." *United States v. Ingram*, 0:18-557-MGL-3, 2022 WL 3691350, at *2 (D.S.C. Aug. 25, 2022) (upholding § 922(g)(1)). The Second Amendment guarantees "the right of the people to keep and bear Arms," U.S. Const. amend. II, but "[a] plain reading of the text demonstrates that 'the people' remains limited to those within the political community and not those classified as felons." *See United States v. Riley*, No. 1:22-cr-163, 2022 WL 7610264, at *10 (E.D. Va. Oct. 13, 2022) (upholding § 922(g)(1)).

In sum, even if the motion properly and timely raised the question of § 922(g)(1)'s constitutionality, it should nevertheless be denied because § 922(g)(1) does not violate the Second Amendment, either on its face or as applied to Wagoner.

### III.  CONCLUSION

For the above reasons, it is HEREBY ORDERED that Wagoner's motion for judgment of acquittal (Dkt. No. 238) is DENIED.

The clerk is directed to provide a copy of this memorandum opinion and order to counsel of record.

Entered: December 5, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge