**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4729

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALAN JAX WAGONER,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Elizabeth K. Dillon, Chief District Judge.  (4:20-cr-00018-EKD-1)

Submitted:  September 30, 2024            Decided:  October 24, 2024

Before GREGORY, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mary E. Maguire, Interim Federal Public Defender, Benjamin Schiffelbein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Laura Day Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan Jax Wagoner was convicted after a jury trial of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 65 months' imprisonment. On appeal, Wagoner contends that the district court abused its discretion in failing to give the jury a spoliation of evidence instruction regarding the loss of various pieces of digital evidence, including body camera footage, dash camera footage, and photographs of Wagoner's truck. He also argues that the district court should not have relied on acquitted conduct in sentencing him. Finding no error, we affirm.

We review for abuse of discretion a district court's decision to deny a motion for an adverse inference jury instruction, and "the party disputing the district court's ruling[] bears the burden of establishing spoliation." *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013). "[A] court abuses its discretion in disallowing an adverse inference instruction where the instruction is correct, is not substantially covered by the charge given to the jury, and involves some point so important that the failure to give the instruction seriously impairs the defendant's defense." *United States v. Johnson*, 996 F.3d 200, 217 (4th Cir. 2021) (cleaned up).

"[A]n adverse inference instruction may be appropriate under the evidentiary rule relating to spoliation of evidence." *Id.* (citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155 (4th Cir. 1995)). "That is, an adverse inference may be drawn against a party who loses or destroys relevant evidence where there is a showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction." *Id.* (cleaned up). While "the mere negligent loss or destruction of evidence

2

[would be] an insufficient basis for an adverse inference," a bad faith finding is also "not always necessary." *Id.* (internal quotation marks omitted). Rather, "there simply needs to be a showing that the party's intentional conduct contributed to the loss or destruction of the evidence." *Id.* (cleaned up). Pursuant to this standard, we discern no error in the district court's determination that Wagoner did not make the requisite showing to warrant a spoliation instruction and therefore conclude that the court did not abuse its discretion in declining to issue the requested instruction.

In general, "[w]e review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the [Sentencing] Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (cleaned up). Before assessing substantive reasonableness, we must first determine whether the sentence is procedurally reasonable. *See United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020). A district court commits procedural error "by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Ventura*, 864 F.3d 301, 308 (4th Cir. 2017) (cleaned up).

"In reviewing whether a sentencing court properly calculated the Guidelines range, we review the [district] court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). "[A] sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as

3

that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009); *see United States v. Legins*, 34 F.4th 304, 326 (4th Cir. 2022) (continuing to uphold this principle). Accordingly, we discern no error in the district court's use of acquitted conduct in sentencing Wagoner, and Wagoner has otherwise demonstrated no procedural errors that would warrant vacating his sentence.

For these reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*